Jones, Oliver B., J.
This proceeding in error is brought to reverse the judgment of the court of common pleas in favor of Charles G. Doty, plaintiff below and defendant in error here, for *334 damages to his property caused by the grading and construction of sidewalks on Bellemonte avenue in front of same.
The amended petition alleged that prior to the improvements put upon said lot Bellemonte avenue had an established grade, which was a reasonable grade and afforded reasonable access to said lots, and that after the grade was established and so existed the streets were improved with reference to the grade then existing; that the city has-changed the grade of this street so that the grade in front of plaintiff’s property has been lowered about 8 feet; that plaintiff’s dwelling is about 14 feet from the sidewalk line of the street, and that in cutting down the street the ingress and egress of plaintiff’s property is greatly interfered with, making it necessary for plaintiff to construct steps and retaining walls, or to grade and rearrange said property.
The city as defendant denied that, prior to the improvements upon the lots of plaintiff, Bellemonte avenue had an established grade or that the lots were improved with reference to that grade, and averred that the buildings and improvements of plaintiff were made before any grade whatever had been established by the city of Middletown, and were made without reference to a reasonable grade for Bellemonte avenue, and that by the use of ordinary care plaintiff or his grantor could have anticipated the grade which has since been established. The city further averred that the established grade of Bellemonte avenue is a reasonable and proper one, and neces *335 sary for its proper use as a public street of said city.
These averments were denied by plaintiff in his reply.
The evidence shows that Bellemonte avenue is a street but two squares long, extending from Third street to North street; that the dwelling house on plaintiff’s lot was built and other improvements made in the year 1908, the house being opposite the end of Second street, which terminated at Bellemonte avenue; that at that time Bellemonte avenue was simply a platted and dedicated street upon land which had not been graded but was at the time fenced and temporarily used as a pasture; and that no grade had been fixed by user because no public travel passed over same.
By ordinance passed in 1910 the city established the first grade for Bellemonte avenue, and, subsequently, in 1915, two ordinances were passed by the city authorities establishing a grade for the east curb and for the west curb, respectively. Both of the' grades established by these ordinances provided for a descending grade from the level of Third street, at its intersection with Bellemonte avenue, to the level of North street, at its intersection. There was in front of plaintiff’s property a change, by the second ordinance, of less than six inches; and no improvements were made to conform to said first grade of 1910, nor were any improvements made between the passage of the first grade-ordinance and the second grade-ordinance.
The evidence of Charles Goldman, plaintiff’s grantor, who built the house, shows that he made no application to the city for the establishment *336 of a grade for Bellemonte avenue at the time of building, and that he located the house at the particular place at which it was built because he regarded it as a beautiful site for a home, having the outlook at the head of Second street. There is nothing in the record to show that there was any effort to anticipate the reasonable grade at which Bellemonte avenue would be improved, nor does the record contain any evidence showing that the grade established by the city, upon which improvements have been made, is in any way unreasonable. The record also fails to show that any claim for damages was filed by plaintiff under the provisions of either Section 3823 or Section 3830 of the General Code.
As is well known, the law of Ohio, in compensating property owners for damages to improvements caused by change of grade, or by the establishment of an unreasonable grade in the construction of streets, is different from that of most of the states of the Union, in that it- is deemed inequitable to permit the whole burden to fall upon the owner of property, which has been improved with reference to an established grade, rather than to have it borne by the public which is benefited by the new grade. The rule in Ohio is well stated in the syllabus in The City of Akron v. The Chamberlain Co., 34 Ohio St., 328, as follows:
“The owner of a lot abutting on an unimproved street of a city or village, in erecting buildings thereon, assumes the risk of all damage which may result from the subsequent grading and improvement of the street by the municipal authorities, *337 if made within the reasonable exercise of their power.
“The liability of a municipality for injury to buildings on abutting lots exists only where such buildings were erected with reference to a grade actually established, either by ordinance or. such improvement of the street as fairly indicated that the grade was permanently fixed, and the damage resulting from a change of such grade, or, where the buildings, if erected before a grade was so established,, were injured by the subsequent establishment of an unreasonable grade.
“Whether a grade be unreasonable or not, must be determined by the circumstances existing at the time the grade was established, and not by the circumstances existing at the time abutting lots may have been improved.”
If plaintiff had been able to show that his buildings were constructed in accordance with a grade regularly established, either by ordinance or by user, and that the improvement of the street had been made to a different grade, and damages caused thereby, he would be entitled to recover such damages; or if he had shown that while no grade was then established the buildings were originally erected to conform to what would be a reasonable grade for the unimproved street when it should be improved, and that instead of establishing such reasonable grade, the city authorities had adopted one entirely unreasonable, then he might have recovered. As stated by Judge McIlvaine, in The City of Akron v. The Chamberlain Co., supra, in the opinion of the court, at page 335:
*338 “Whatever latitude there may be in the exercise of discretion in fixing the grade of a street is lodged in the municipal authorities, and not in the adjacent lot-owners.”
In other words, the duty of establishing the grade, rests primarily with the municipal authorities, and the city can only be held for an unreasonable grade when they have failed to perform that duty and made the grade so unreasonable as to amount to an abuse of discretion. Plaintiff failed to produce any witnesses to show such abuse of discretion in this case. The only evidence as to the reasonableness of the grade came from witnesses produced by the defendant, and there is nothing to show that the grade to which Bellemonte avenue is improved could be considered an unreasonable grade.
The verdict of the jury and the judgment of the court below is contrary to the evidence and to the law. The judgment is therefore reversed and the cause remanded for such further proceedings as are authorized by law.

Judgment reversed.

Jones, E. H., P. J., and Gorman, J., concur.